*19*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

|  |  |
|---|---|
| Plaintiff, | Criminal Case No. 17-cr-20489 |
| v. | Honorable Terrence G. Berg |
|  | Violations: 21 U.S.C. § 846 |
|  | 21 U.S.C. § 841(a)(1) |
|  | 18 U.S.C. § 1956(h) |

D-4   JAMES MCGLORY,
       a/k/a "Bug,"
D-10  MAURICE MONTAIN MCCOY, JR.
       a/k/a "C," a/k/a "Loc," a/k/a "C-Loc,"
       a/k/a "Big Homie,"
D-11  TYLER ANDREW JACKSON,
       a/k/a "Patrick Fitzgerald Beasley, Jr.,"
       a/k/a "Pootie,"
D-12  TEEAUNA WHITE,
D-13  OCEAN FRANCIS,
D-14  JASMYN ROMO,
D-15  ANDRIA FOSTER,
D-16  LARZETTA GRACE JOHNSON,
       a/k/a "Grace,"
D-17  NIKOE BOWLES
D-18  ROBIN HERNDON.

                    Defendants.
_____/

**FILED
CLERK'S OFFICE

JUN 17 2020

U.S DISTRICT COURT
EASTERN MICHIGAN**


## NINTH SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:

**COUNT ONE: (Conspiracy to Distribute Controlled Substances
– 21 U.S.C. § 846)**

D-4   JAMES MCGLORY
      a/k/a "Bug"
D-10  MAURICE MONTAIN MCCOY, JR.
      a/k/a "C," a/k/a "Loc," a/k/a "C-Loc,"
      a/k/a "Big Homie"
D-11  TYLER ANDREW JACKSON
      a/k/a "Patrick Fitzgerald Beasley, Jr.,"
      a/k/a "Pootie"
D-13  OCEAN FRANCIS
D-14  JASMYN ROMO
D-15  ANDRIA FOSTER
D-16  LARZETTA GRACE JOHNSON
      a/k/a "Grace"

From in or about 2014, and continuing through the date of this indictment,

within the Eastern District of Michigan, Southern Division, and elsewhere,

defendants, ANDRE LEE SCOTT, ADOLFO VERDUGO LOPEZ, MANUAL

ARNULFO BARAJAS, JAMES MCGLORY, a/k/a "Bug," JOYCE HAYNES,

MANJARO JOHNSON, a/k/a "Baby Gen," ANTHONY DWAYNE OLIVER, a/k/a

"AD," a/k/a "Dizzle," DEONTE ARTIS, a/k/a "Rich Rico," SHAWN OLIVER,

a/k/a "BMore," MAURICE MONTAIN MCCOY, JR., a/k/a "C," a/k/a "Loc," a/k/a

"C-Loc," a/k/a "Big Homie," TYLER ANDREW JACKSON, a/k/a "Patrick

Fitzgerald Beasley, Jr.," a/k/a "Pootie," OCEAN FRANCIS, JASMYN ROMO,

ANDRIA FOSTER, and LARZETTA GRACE JOHNSON, a/k/a "Grace,"

knowingly and intentionally conspired and agreed with each other and with others,

both known and unknown to the Grand Jury, to possess with intent to distribute and

2

to distribute controlled substances.

## QUANTITY OF CONTROLLED SUBSTANCES INVOLVED IN THE CONSPIRACY

1.      With respect to defendant JAMES MCGLORY, a/k/a "Bug," TYLER ANDREW JACKSON, a/k/a "Patrick Fitzgerald Beasley, Jr.," a/k/a "Pootie," MAURICE MONTAIN MCCOY, JR., a/k/a "C," a/k/a "Loc," a/k/a "C-Loc," a/k/a "Big Homie," the controlled substances involved in the conspiracy attributable to them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, are:

A.      One kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance;

B.      Five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance;

C.      400 grams or more of a mixture and substance containing a detectable amount of N-phyenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, a Schedule II Controlled Substance;

D.      A mixture and substance containing a detectable amount of tramadol, a Schedule IV Controlled Substance;

2.      With respect to defendants OCEAN FRANCIS and JASMYN ROMO, the controlled substances involved in the conspiracy attributable to them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable

3

to them, are:

A.      One kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance.

B.      400 grams of more of a mixture and substances containing a detectable amount of N-phyenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, a Schedule II Controlled Substance;

3.      With respect to defendants ANDRIA FOSTER and LARZETTA GRACE JOHNSON, a/k/a "Grace," the controlled substances involved in the conspiracy attributable to them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, are:

A.      A mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance; and

B.      A mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance.

All in violation of Title 21 United States Code, Section 841 (b)(1)(A).

## MANNER AND MEANS

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

1.      It was part of the conspiracy that conspirators possessed with the intent to distribute and distributed controlled substances in the Eastern District of Michigan and elsewhere. The controlled substances intended for further

4

distribution as a part of the conspiracy included the following:

A.      Approximately 600 grams of heroin seized by the police on March 24, 2017, in Novi, Michigan.

B.      Approximately ten kilograms of fentanyl, more than 20 kilograms of a mixture of fentanyl and heroin, and approximately 700 grams of tramadol, seized by the police on July 10, 2017, from 42284 Joyce Lane, a condominium in Novi, Michigan where ANDRE LEE SCOTT, ADOLFO VERDUGO LOPEZ, and MANUAL ARNULFO BARAJAS were arrested.

C.      Approximately 991 grams of cocaine seized by the police on July 10, 2017, from a vehicle rented by ANDRE LEE SCOTT that was parked in front of 42284 Joyce Lane, a condominium in Novi, Michigan.

D.      Approximately, three kilograms of cocaine seized by the police on August 27, 2017, from JOYCE HAYNES at a Greyhound bus station in Indianapolis, Indiana.

E.      Approximately three kilograms of fentanyl, 14 kilograms of cocaine, and 90 grams of heroin, seized by the police on April 13, 2018, from 6603 English Oak Road, Apartment I in Baltimore, Maryland where SHAWN OLIVER, a/k/a "BMore," was arrested. On the same day, before the seizure, police also arrested JAMES MCGLORY, a/k/a "Bug," and MANJARO JOHNSON, a/k/a "Baby Gen," with fellow co-conspirator David Griffin.

F.      Approximately three kilograms of a mixture of fentanyl and heroin,

and approximately 900 grams of heroin, seized by the police on March 10, 2019, during a traffic stop of TYLER ANDREW JACKSON, a/k/a "Patrick Fitzgerald Beasley, Jr.," a/k/a "Pootie," OCEAN FRANCIS, and JASMYN ROMO, in Illinois.

2.      It was further part of the conspiracy that different nominees rented the condonimium at 42284 Joyce Lane in Novi, Michigan and apartment I at 6603 English Oak Road in Baltimore, Maryland. The locations were used by conspirators to facilitate their unlawful drug trafficking activity. The rental of condominium at 42284 Joyce Lane in Novi, Michigan was facilitated by LARZETTA GRACE JOHNSON, a/k/a "Grace."

3.      It was further part of the conspiracy that couriers traveled via Greyhound bus across the country from California and Las Vegas, Nevada, to distribute controlled substances for the conspiracy in various locations including, but not limited to, Jackson, Michigan; Novi, Michigan; Baltimore, Maryland; and Alabama. JOYCE HAYNES, OCEAN FRANCIS, and JASMYN ROMO were couriers who transported controlled substances for the conspiracy.

4.      It was further part of the conspiracy that the purchase, sale, and distribution of large quantities of controlled substances generated significant amounts of cash, which needed to be counted, stored, hidden, and used in order to continue the conspiracy. Cash possessed in furtherance of the conspiracy included the following:

A.      Five hundred fifteen thousand seven hundred and ten dollars

($515,710) United States Currency seized by the police on July 10, 2017, from

42284 Joyce Lane, a condominium in Novi, Michigan.

B.      Thirty four thousand five hundred and fifteen dollars ($34,515) United

States Currency seized by the police on January 8, 2018, from MANJARO

JOHNSON a/k/a "Baby Gen," at the Los Angeles International Airport.

C.      One hundred thirty eight thousand seven hundred and forty nine

dollars ($138,749) United States Currency seized by the police on April 13, 2018,

from 6603 English Oak Road, Apartment I in Baltimore, Maryland.

All in violation of Title 21, United States Code, Section 846.

PRIOR CONVICTIONS

1.      Before MAURICE MONTAIN MCCOY, JR., a/k/a "C," a/k/a "Loc,"

a/k/a "C-Loc," a/k/a "Big Homie," committed the offense charged in Count One of

this Ninth Superseding Indictment, he had a final conviction for a prior serious

drug felony conviction, to wit: Conspiracy to Possess with Intent to Distribute

Cocaine Base and Cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), for

which he served a term of imprisonment of more than 12 months, and for which he

was released from any term of imprisonment within 15 years of the

commencement of the instant offense.

2.      Before TYLER ANDREW JACKSON, a/k/a "Patrick Fitzgerald

Beasley, Jr.," a/k/a "Pootie," committed the offense charged in Count One of this

7

Ninth Superseding Indictment, he had a final conviction for a prior serious drug felony conviction, to wit: Conspiracy to Possess with Intent to Distribute Cocaine Base and Cocaine, and Possession with Intent to Distribute Cocaine Base and Cocaine in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), for which he served a term of imprisonment of more than 12 months, and for which he was released from any term of imprisonment within 15 years of the commencement of the instant offense.

3.      Before LARZETTA GRACE JOHNSON, a/k/a "Grace," committed the offense charged in Count One of this Ninth Superseding Indictment, she had a final conviction for a prior serious drug felony conviction, to wit: Conspiracy to Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) an d (b)(1)(A)(ii), for which she served a term of imprisonment of more than 12 months, and for which she was released from any term of imprisonment within 15 years of the commencement of the instant offense.

As a result of their convictions, MAURICE MONTAIN MCCOY, JR., a/k/a "C," a/k/a "Loc," a/k/a "C-Loc," a/k/a "Big Homie," TYLER ANDREW JACKSON, a/k/a "Patrick Fitzgerald Beasley, Jr.," a/k/a "Pootie," and LARZETTA GRACE JOHNSON, a/k/a "Grace," are subject to increased punishment under Title 21, United States Code, Sections 841, 846 and 851.

**COUNT TWO: (Possession with Intent to Distribute Controlled Substances – 21 U.S.C. § 841; Aiding and Abetting 18 U.S.C. § 2)**

D-4   JAMES MCGLORY
         a/k/a "Bug"

That on or about July 10, 2017, within the Eastern District of Michigan, Southern Division, defendants ANDRE LEE SCOTT, ADOLFO VERDUGO LOPEZ, MANUAL ARNULFO BARAJAS, JAMES MCGLORY, a/k/a "Bug," and JOYCE HAYNES, knowingly and intentionally possessed with intent to distribute, and aided and abetted each other in possessing with intent to distribute the following controlled substances:

A.       One kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance;

B.       400 grams or more of a mixture and substance containing a detectable amount of N-phyenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, a Schedule II Controlled Substance; and

C.       A mixture and substance containing a detectable amount of tramadol, a Schedule IV Controlled Substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**COUNT THREE: (Possession with Intent to Distribute Cocaine
– 21 U.S.C. § 841; Aiding and Abetting 18 U.S.C. § 2)**

D-4    JAMES MCGLORY
       a/k/a "Bug"

That on or about July 10, 2017, within the Eastern District of Michigan,

Southern Division, defendants, ANDRE LEE SCOTT, JAMES MCGLORY, a/k/a

"Bug," JOYCE HAYNES, and ANTHONY DWAYNE OLIVER, a/k/a "AD," a/k/a

"Dizzle," did knowingly and intentionally possess with intent to distribute, and did

aid and abet each other in possessing with intent to distribute 500 grams or more of

a mixture and substance containing a detectable amount of cocaine, a Schedule II

Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1)

and Title 18, United States Code, Section 2.

**COUNT FOUR: (Conspiracy to Launder Monetary Instruments
– 18 U.S.C. § 1956(h))**

D-4    JAMES MCGLORY
       a/k/a "Bug"
D-10   MAURICE MONTAIN MCCOY, JR.
       a/k/a "C," a/k/a "Loc," a/k/a "C-Loc,"
       a/k/a "Big Homie"
D-12   TEEAUNA WHITE
D-17   NIKOE BOWLES
D-18   ROBIN HERNDON

1.    As early as 2014, continuing through at least September 2019, in the

Eastern District of Michigan, Southern Division, and elsewhere, defendants,

JAMES MCGLORY, a/k/a "Bug," MAURICE MONTAIN MCCOY, JR., a/k/a

"C," a/k/a "Loc," a/k/a "C-Loc," a/k/a "Big Homie," TEEAUNA WHITE, NIKOE

10

BOWLES, and ROBIN HERNDON did knowingly, intentionally and unlawfully combine, conspire, confederate and agree with each other, and with others, both known and unknown to the grand jury, to commit offenses against the United States in violation of Title 18, United States Code, Sections 1956 and 1957:

A.      Defendant TEEAUNA WHITE did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is conspiracy to distribute controlled substances, with the intent to promote the carrying on of the specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

B.      Defendants JAMES MCGLORY, a/k/a "Bug," MAURICE MONTAIN MCCOY, JR., a/k/a "C," a/k/a "Loc," a/k/a "C-Loc," a/k/a "Big Homie," TEEAUNA WHITE, NIKOE BOWLES, and ROBIN HERNDON did knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, conspiracy to distribute controlled substances, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such

11

financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

C.      Defendants JAMES MCGLORY, a/k/a "Bug," MAURICE MONTAIN MCCOY, JR., a/k/a "C," a/k/a "Loc," a/k/a "C-Loc," a/k/a "Big Homie," TEEAUNA WHITE, and NIKOE BOWLES, did knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, conspiracy to distribute controlled substances, knowing that the transaction was designed in whole and in part to avoid a transaction reporting requirement under State or Federal law, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii).

D.      Defendants MAURICE MONTAIN MCCOY, JR., a/k/a "C," a/k/a "Loc," a/k/a "C-Loc," a/k/a "Big Homie," TEEAUNA WHITE, and ROBIN HERNDON did knowingly, intentionally and unlawfully combine, conspire, confederate and agree with each other, and with others, both known and unknown to the grand jury, to engage or attempt to engage in monetary transactions by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having

12

been derived from a specified unlawful activity, that is, distribution of a controlled substance, in violation of Title 18, United States Code, Section 1957.

All in violation of Title 18, United States Code, Section 1956(h).

## MANNER AND MEANS

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

1.      As part of the conspiracy, criminal proceeds obtained in the Eastern District of Michigan and elsewhere were transferred to the State of California for the access, use and benefit of defendant MAURICE MONTAIN MCCOY, JR. a/k/a "C," a/k/a "Loc," a/k/a "C-Loc," a/k/a "Big Homie." Defendants JAMES MCGLORY, a/k/a "Bug," NIKOE BOWLES, and other persons known and unknown to the Grand Jury, facilitated the transfer of criminal proceeds to MAURICE MONTAIN MCCOY, JR. a/k/a "C," a/k/a "Loc," a/k/a "C-Loc," a/k/a "Big Homie," through financial account deposits, transfers, and the physical transportation of cash.

2.      As part of the conspiracy, in 2017 defendant MAURICE MONTAIN MCCOY, JR. a/k/a "C," a/k/a "Loc," a/k/a "C-Loc," a/k/a "Big Homie," used criminal proceeds to surreptitiously purchase property at 27622 Pala Loma, Moreno Valley, California ("the Pala Loma property") for approximately $525,000.  Defendants MAURICE MONTAIN MCCOY, JR. a/k/a "C," a/k/a "Loc," a/k/a "C-Loc," a/k/a "Big Homie," and TEEAUNA WHITE resided at the

13

Pala Loma property after its purchase. Defendant TEEAUNA WHITE was actively involved in selection of the Pala Loma property for purchase while defendant ROBIN HERNDON assisted in the concealment of its true ownership by purchasing the Pala Loma property in the name of JPC Equity Properties, LLC, a legal entity controlled by ROBIN HERNDON.

3.      As part of the conspiracy, defendant ROBIN HERNDON opened multiple bank accounts in the weeks preceding the purchase of the Pala Loma property. Defendant ROBIN HERNDON used these accounts, and others controlled by him and his family members, to structure, layer, and funnel criminal proceeds, including cash, to purchase the Pala Loma property. Payment of criminal proceeds to the purchase of the Pala Loma property include, among others:

A.      $5,000 in the form of a cashier's check, dated February 6, 2017, purchased by defendant MAURICE MONTAIN MCCOY, JR a/k/a "C," a/k/a "Loc," a/k/a "C-Loc," a/k/a "Big Homie;"

B.      Approximately $114,568 in the form of a wire transfer, on or about March 8, 2017, from a bank account titled to JPC Equity Properties, LLC;

C.      Approximately $23,163 in the form of a wire transfer, on or about March 10, 2017, from a bank account titled to JPC Equity Properties, LLC;  and

D.      Approximately $23,000 in the form of a wire transfer, on or about March 10, 2017, from a personal bank account of ROBIN HERNDON.

4.      As part of the conspiracy, defendants purchased the following

14

vehicles with criminally derived payments in excess of $10,000:

A.     On or about April 27, 2015, a $25,000 cash payment for a 2012 Porsche Panamera, by defendant MAURICE MONTAIN MCCOY, JR a/k/a "C," a/k/a "Loc," a/k/a "C-Loc," a/k/a "Big Homie;"

B.     On or about June 22, 2017, a $15,000 cash payment toward a 2017 Mercedes-Benz, by defendant TEEAUNA WHITE.

5.     As part of the conspiracy, defendant TEEAUNA WHITE also promoted further criminal activity by utilizing her credit card, funded by criminal proceeds, to purchase flights to and from drug distribution cities for herself and defendants MAURICE MONTAIN MCCOY, JR a/k/a "C," a/k/a "Loc," a/k/a "C-Loc," a/k/a "Big Homie," and NIKOE BOWLES.  Defendant TEEAUNA WHITE also used personal and business bank accounts in her control to receive drug proceeds. This includes, but is not limited to, structured cash deposits of $9,500 in Baltimore, Maryland, on or about July 28, 2017, which in the aggregate exceeded $10,000.

## FORFEITURE ALLEGATIONS: (Criminal Forfeiture - 21 U.S.C. § 853; 18 U.S.C. § 982(a)(1)

The allegations contained in this Ninth Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 982(a)(1), and Title 28, United States Code, Section 2461(c).

Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Sections 841 and/or 846, the defendants, JAMES MCGLORY, a/k/a "Bug," MAURICE MONTAIN MCCOY, JR., a/k/a "C," a/k/a "Loc," a/k/a "C-Loc," a/k/a "Big Homie," TYLER ANDREW JACKSON, a/k/a "Patrick Fitzgerald Beasley, Jr.," a/k/a "Pootie," OCEAN FRANCIS, JASMYN ROMO, ANDRIA FOSTER, LARZETTA GRACE JOHNSON, a/k/a "Grace," shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses.

Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of the offense in violation of Title 18, United States Code, Section 1956(h), set forth in Count Four of this Ninth Superseding Indictment, the defendants, JAMES MCGLORY, a/k/a "Bug," MAURICE MONTAIN MCCOY, JR., a/k/a "C," a/k/a "Loc," a/k/a "C-Loc," a/k/a "Big Homie," TEEAUNA WHITE, NIKOE BOWLES, and ROBIN HERNDON shall forfeit to the United States of America, any property, real or personal, involved in such offense, and any property traceable to such property.

Property to be forfeited, includes, but is not limited to:

- Real Property located at 27622 Pala Loma Ct., Moreno Valley, California, and being more fully described as:

16

Lot 62, of Tract 24097, in the City of Moreno Valley, as shown recorded in Book 223, Pages 88 to 95 inclusive of Maps in the office of the County Recorder of Riverside County, California.

APN: 304-220-044-1

TITLED TO: JPC Equity Properties, LLC a California Limited Liability Company;

- One 2012 Porsche Panamera, VIN: WP0AB2A74CL061344; and

- The property to be forfeited includes, but is not limited to, the entry of a forfeiture money judgment equal to proceeds or value of other property obtained by each defendant in connection with the offense of conviction.

If any of the property described above, as a result of any act or omission of the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

THIS IS A TRUE BILL.

s/ *Grand Jury Foreperson*
GRAND JURY FOREPERSON

Dated: June 17, 2020

MATTHEW SCHNEIDER
United States Attorney

s/ *Julie A. Beck*
JULIE A. BECK (P53291)
Chief, Drug Task Force Unit

s/ *Andrea Hutting*
ANDREA HUTTING (P68606)
Assistant United States Attorney

s/ *Craig F. Wininger*
CRAIG F. WININGER (P57058)
Assistant United States Attorney

s/ *Gjon Juncaj*
GJON JUNCAJ (P63256)
Assistant United States Attorney

18

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** | **Case Number**<br>17-cr-20489 |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes    ☒ No | AUSA's Initials: |

**Case Title:** USA v.  Andre Scott Lee, et al

**County where offense occurred :**  Oakland and elsewhere in Eastern District of MI

**Check One:**    ☒ **Felony**         ☐ **Misdemeanor**    ☐ Petty

_____Indictment/_____Information --- **no** prior complaint.
_____Indictment/_____Information --- based upon prior complaint [Case number:                    ]
__✓__Indictment/_____Information --- based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*

*FILED*
*CLERK'S OFFICE*
*JUN 17 2020*
*U.S. DISTRICT COURT*
*EASTERN MICHIGAN*

## Superseding Case Information

**Superseding to Case No:** 17-20489                    **Judge:**  Terrance G. Berg

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☒ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| D-18 Robin Herndon | Amending Charges<br>21 U.S.C. § 846<br>21 U.S.C. § 841(a)(1)<br>18 U.S.C. § 1956(h) | |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

June 17, 2020
Date

Andrea Hutting
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone: 313-226-9110
Fax:   313-226-3565
E-Mail address: andrea.hutting@usdoj.gov
Attorney Bar #: P68606

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.