# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  | 100 EAST FIFTH STREET, ROOM 540 |  |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: December 23, 2020

Ms. Andrea Hutting
United States Attorney's Office
211 W. Fort Street
Suite 2001
Detroit, MI 48226

Ms. Karen Oakley
Law Office
P.O. Box 541111
Cincinnati, OH 45454

Re: Case No. 20-1731, *USA v. James McGlory*
Originating Case No. : 2:17-cr-20489-4

Dear Counsel,

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Ryan E. Orme
Case Manager
Direct Dial No. 513-564-7079

cc: Mr. David J. Weaver

Enclosure

Mandate to issue

No. 20-1731

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
|  | ) | Dec 23, 2020 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | O R D E R |
|  | ) |  |
| JAMES MCGLORY, | ) |  |
|  | ) |  |
| Defendant-Appellant. | ) |  |
|  | ) |  |

Before: McKEAGUE, DONALD, and READLER, Circuit Judges.

Defendant James McGlory appeals the denial of his motion for reconsideration of the district court's order denying release from pretrial detention due to COVID-19 concerns. He argues that the district court abused its discretion by construing his motion as one for reconsideration, rather than reopening under 18 U.S.C. § 3142(f). Further, he argues that, if properly construed, the district court abused its discretion in denying reopening. The government opposes reversal. Neither McGlory nor the government requests oral argument. The facts and legal arguments are adequately presented on the briefs; thus, we unanimously agree that oral argument is not necessary. Fed. R. App. P. 34(a)(2)(C).

We review the district court's construction of a motion for an abuse of discretion. *See Noel v. Guerro*, 479 F. App'x 666, 668−69 (6th Cir. 2012) (per curiam). While in pretrial detention, McGlory filed a motion requesting reopening of his pretrial proceedings under § 3142(f)(2) or temporary release under 18 U.S.C. § 3142(i). The district court denied it. He later filed a second motion almost identical to the first except for the allegation that his father was ill. Because an

amendment to his original motion would have no consequence given that his prior motion had already been denied, the court construed the second motion as one for reconsideration instead of amendment.

Because McGlory referenced § 3142(f)(2), which governs reopening, and cited new information, the district court could have construed his motion as seeking reopening. Instead, however, the district court construed it as seeking reconsideration. For reconsideration, a "movant must not only demonstrate a palpable defect by which the Court and the parties . . . entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition." E.D. Mich. R. 7.1(h)(3). Thus, McGlory's motion to amend, seeking the identical relief as his original motion and including updated information to obtain a different disposition, could also be construed as seeking reconsideration. Notwithstanding that the district court could have construed his motion as one for reopening, it did not abuse its discretion in construing it as one for reconsideration.

We review the denial of reconsideration for an abuse of discretion. *See United States v. Brown*, 449 F.3d 741, 750 (6th Cir. 2006). But, to the extent the appeal from the denial of reconsideration "necessarily raises the underlying judgment for review, the standard of review varies with the nature of the underlying judgment." *United States v. Herrold*, 962 F.2d 1131, 1136 (3d Cir. 1992). Thus, where "the underlying judgment was based in part upon the interpretation and application of a legal precept, our review is plenary. . . . [T]o the extent that the district court's order was based on its factual conclusions, we review under a 'clearly erroneous' standard." *Id.* McGlory sought reconsideration of the denial of his first motion, which the district court construed as seeking temporary release from pretrial detention under 18 U.S.C. § 3142(i).

A defendant must be detained pretrial if, after conducting a hearing, the district court determines "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C.

§ 3142(e)(1). A defendant may be temporarily released for a "compelling reason." 18 U.S.C. § 3142(i). We have cited with approval the factors outlined in *United States v. Clark*, 448 F. Supp. 3d 1152, 1157 (D. Kan. 2020), for evaluating whether a defendant met his burden: (1) the original reasons supporting his pretrial detention; (2) "the specificity of the defendant's stated COVID-19 concerns;" (3) whether defendant's release plan increases or decreases the risk of transmission to others; and (4) whether his release increases the risk of transmission to others. *United States v. Scarborough*, 821 F. App'x 598, 600 (6th Cir. 2020) (order). The district court evaluated each of these factors and concluded that McGlory's increased risk from COVID-19 if he remained detained was outweighed by the original reasons supporting his detention. Further, it concluded that his interstate travel would increase, rather than mitigate the risk to himself or others. The record supports this determination.

The new information in McGlory's motion to amend does not alter this conclusion. The district court acknowledged the increased number of positive cases in his detention facility, but reiterated that this alone did not outweigh the balance of the remaining factors. McGlory did not allege any new personal health issues in his amended motion. His father's illness, even if a new circumstance, did not have a material bearing on whether McGlory was a danger to the community. In support, McGlory also cites to recent efforts to release more inmates on home confinement. Aside from the fact that we generally do not consider issues raised for the first time on appeal, *see McFarland v. Henderson*, 307 F.3d 402, 407 (6th Cir. 2002), the power to release defendants to home confinement is delegated to the Bureau of Prisons under the Coronavirus Aid, Relief, and Economic Security Act, not the district court under § 3142(f), *see United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020). Finally, although McGlory argues that the district court construed his motion as one under Federal Rule of Civil Procedure 59(e), the district court explicitly stated that it did not rely on this rule. Instead, it relied on Local Rule 7.1(h)(3), which applies in both civil

No. 20-1731
-4-

and criminal proceedings. *See* E.D. Mich. R. 1.1(c). Thus, the district court did not abuse its discretion in denying reconsideration.

Even if the district court construed McGlory's motion as one for reopening, he was unlikely to prevail. The district court may reopen detention proceedings if it: (1) finds that information exists that was not known to the defendant at the time of the original hearing; and (2) the information "has a material bearing on the issue whether there are conditions of release that will reasonably assure" the defendant's appearance and the safety of any other person and the community. 18 U.S.C. § 3142(f)(2). This standard is substantially similar to the one governing reconsideration. Hence, had the district court construed the motion as one for reopening, the same reasons would support denial of reopening.

The district court's order is **AFFIRMED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk